UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JILL CARUSO, Individually

                         CASE NO.:  1:11-cv-00360

          Plaintiff,            Hon. Chief Judge Paul Maloney

vs.

28TH STREET SUPERIOR HOSPITALITY INC.
A Michigan Corporation,

         Defendants,

_____/

| | |
|---|---|
| Owen B. Dunn, Jr., Esq. (P66315) | John A. Ponitz (P24610) |
| Law Office of Owen B. Dunn, Jr. | 24170 Sherwood |
| 520 Madison Ave., Suite 330 | Center Line, MI. 48015 |
| Toledo, OH 42604 | Attorney for Defendant |
| Attorneys for Plaintiff | Tel.: (586) 427-5471 |
| Tel.: (419) 241-9661 | Fax: (586) 427-5472 |
| Fax.: (419) 241-9737 | jponitz@ponitzlaw.com |
| dunnlawoffice@sbcglobal.net | |

_____/

## CONSENT DECREE

      This consent decree is entered into by and between JILL CARUSO, individually,

hereinafter referred to as "Plaintiff," and 28TH STREET SUPERIOR HOSPITALITY

INC., a Michigan corporation, hereinafter referred to as "Defendant," on the date

executed below:

      WHEREAS, the Defendant's property is known as the BAYMONT INN AND

SUITES and is located at 2873 Kraft Ave. SE, Grand Rapids, MI 49512, in the county of

Kent. Plaintiff claims that there are architectural barriers existing at Defendant's property

which constitute violations of the Americans with Disabilities Act and unlawfully limit

the Plaintiff's use of the property as well as violations of the Michigan Persons with

1

Disabilities Civil Rights Act by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order approving and entering the Consent Decree.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the date set forth below, unless a different completion date is otherwise stated herein. All modifications to the subject property required below for barrier removal shall be completed by December 1, 2013. Defendant or its counsel shall notify Plaintiffs counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed.

2. Defendant shall pay Plaintiff for the reasonable fees, expenses and costs incurred by Plaintiff and Defendant shall pay Plaintiff's claim for damages pursuant to the terms set out in separate letter agreement dated September 8, 2011 resolving all Plaintiff's monetary claims for relief, including attorney's fees, of the pending matter. Except as set forth in the separate letter agreement, each party shall bear their own fees, expenses and costs related to this action.

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree, and the amount of attorneys' fees, expert fees, costs and Plaintiff's damages.

4. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. The parties shall perform their obligations under this Consent Decree in good faith.

5. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, litigation expenses, costs and expert fees.

6. The parties agree that any delays in making the modifications to the property as provided pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7.  Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree and the amount of Plaintiff's attorneys' fees, expert fees and costs, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it had arising under the Americans With Disabilities Act.

8.  All references to ADAAG refer to the following:
28 CFR Chapter 1 Part 36, App. A (7-1-98 edition) – ADAAG

9.  The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG.  All references to figures in the paragraphs below refer to those figures that accompany the ADAAG and which more fully describe compliance with the ADA.

10.  This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page.  A facsimile copy of any parties signature shall be deemed as legally binding as the original signatures.

11.  Defendant 28TH Street Superior Hospitality, Inc., shall complete all modifications and submit to Plaintiff's counsel a report summarizing the actions it has taken pursuant to this consent decree by December 1, 2013.

12.  Defendant agrees to modify the property as follows:

A.  FACILITY DISCRIPTION:

The facility is Baymont Inn and Suites, three stories high, 93 rooms.
One Elevator serves the building. The public spaces are Main Lobby, Breakfast Area, Exercise Room, Vending Machines, Public Unisex Toilet and Meeting Room. The accessible rooms, the exercise room and the meeting room are all located on the ground level.

B.  PARKING STALLS:

There are 110 car stalls on site; per the ADA requirements five (5) of these stalls should be Accessible and one shall be Van Accessible. There are only four (4) marked stalls on the property. Two on each side of the entrance with a five foot marked aisle way between each two parking stalls. There is no van accessible parking stall which shall be added.

C.  PASSENGER LOADING ZONE:

Passenger loading zone shall provide and access aisle at least 60 inches wide and 20 feet long adjacent and parallel to the vehicle pull-up space (see Figure 503.3). The space is available, but it is not marked.

In conclusion the drop zone must have a marked access aisle 60 inches wide painted to discourage parking in them.

D.  EXTERIOR ACCESS ROUTE:

There are no walkways to the main door of the hotel. The accessible route is the parking lot. There is no space to create walkways in front of the building.

E.  MAIN LOBBY AND THE BREAKFAST ROOM:

The Main Lobby and the Breakfast Room are part of the accessible route. The space is open without doors and there is no change of floor level. All floors in the public spaces are stable, firm and slip-resistant. All aisle and corridors are wider than 36 inches.

The Front Desk is 42 inches high and there is no writing space for a wheelchair bound person. Such accessible writing space shall be added.

The chairs in the Breakfast Room are removable and the tables are accessible. The service counter is 38 inches high. The Food Service Line is larger than 42 inches. The service counter should meet the requirements per Section 308.3.2.

In Conclusion the Accessible Route for the public has no objects protruding into the circulation paths detected by a person with a visual disability using a cane. The service counter should be 34 inches high or an assistant should be available to people who have difficulty in the Self Service Counter.

F.  COMMON SPACES:

The common spaces are: the exercise room, the meeting room and the Vending Machines space. The common spaces are located on the main level with accessible route from the Lobby. The door to the Exercise room does not have 18 inches by 60 inches to clear wall space beside the door (see Section 404.2.4). The lavatory in the exercise room's low for front approach and there is no space under the counter for a wheel chair (see Section 606). The meeting room complies with the ADA requirements. The Vending Machines space is accessible at the first floor.

In Conclusion, the Lavatory Counter in the exercise room should be removed or modified to provide a clear space in front of the door.

G.   UNISEX TOILET:

There is a Public Toilet on the first floor. This toilet should be accessible. The lavatory is 36 inches high, but should only be 34 inches high. The mirror should be 40 inches high. The center of the Water Closet is 23 inches from the wall, but should be only 18 inches. The clear space for the water closet is 60 inches wide and 56 inches long (see Section 604.3). The existing clearance is only 46 inches. The towel dispenser is 58 inches high but it should only be 48 inches. The sign for the accessible toilet is on the door and it should be on the wall at handle side. In conclusion, Defendant shall modify the unisex toilet to comply with this paragraph.

H.   ELEVATOR:

The Elevator conforms to the ADA requirements.

I.   EXIT STAIRWAY:

All Exit Stairways conform to the ADA requirements.

J.   ACCESSIBLE GUESTROOMS AND BATHROOMS

The required number of Accessible Guestrooms for a 93 room hotel is four (4) Accessible Rooms with tubs, one (1) Accessible Room with Roll-in Shower, and a total of nine (9) Accessible Rooms for Persons with Hearing Impairments. There are four (4) rooms assigned with bathroom tubs, and no rooms with roll-in showers. The rooms are located on the first floor. The existing accessible rooms are numbered 121, 123, 125, and 127.

All furniture in the rooms is movable. The present configuration does not have five foot turning circles and must be rearranged to provide required clearances. The four rooms have visual alarms.

The Accessible Room's Exit doors do not have the 18 inch by 60 inch clear space beside the door. The lavatory counter is 32 inches high, but it has an apron of 11 inches, which will not allow a front approach by a person in a wheelchair. The bathroom has a tub and a water closet. The water closet is 23 inches away from the wall and it should only be 18 inches away. The bathtubs have grab bars. The grab bars, however, do not comply with the code (see Section 607.4.2).

In conclusion, a fifth room should be renovated to be accessible with a roll-in shower (see Section 608.3.2). The Accessible Room's furniture should be rearranged to allow for a five (5) feet turning circle. The bathroom should be renovated by moving the water closet toward the wall. New grab bars should be added to comply with the code. A new or modified lavatory counter should replace the existing counter to allow

space in front of the door and allow a frontal approach to it, by a person in a wheelchair.

### K. FIRE ALARMS

The building is equipped with audio and visual fire alarms. The alarms are located in the common spaces and corridors. The new Accessible Guestrooms, the Breakfast Room, the Exercise Room and the Unisex Toilet should also have audio and visual fire alarms.

Conclusion: Upon achieving the modifications as required by this Consent Decree, the Defendant shall be deemed to have taken all reasonably feasible steps required under ADAAG to provide accessible guest rooms.

Dated: September 21, 2011     /s/  Paul L. Maloney
                              U.S. DISTRICT JUDGE


The parties to this action, by their respective attorneys, hereby stipulate to entry

of the above Order.


**AGREED and STIPULATED:**

/s/Owen B. Dunn Jr.
Owen B. Dunn, Jr. (P66315)
Law Office of Owen B. Dunn, Jr.
520 Madison Ave., Suite 330
Toledo, OH 43604
419-241-9661
dunnlawoffice@sbcglobal.net
*Trial Attorney for Plaintiff*

/s/ John A. Ponitz
John A. Ponitz (P24610)
24170 Sherwood
Center Line, MI. 48015
Tel.: (586) 427-5471
Fax: (586) 427-5472
jponitz@ponitzlaw.com
*Trial Attorney for Defendant*